United States District Court
Southern District of Texas

**ENTERED**

May 26, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO VENTO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-79 |
| | § | CRIM. ACTION NO. 1:19-664-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 22, 2023, Petitioner Rodolfo Vento filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Vento's petition is substantively meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On July 16, 2019, the grand jury indicted Vento on one count of conspiracy to transport or harbor aliens into the United States and one counts of transporting or harboring an alien into the United States. U.S. v. Vento, Criminal No. 1:19-664-1, Dkt. No. 7 (J. Rodriguez, presiding)  [hereinafter CR].

On August 20, 2019, the grand jury returned a superseding indictment against Vento and a co-defendant. CR Dkt. No. 29.  Vento was indicted on two counts of conspiracy to transport or harbor aliens in the United States, and one count of transporting or harboring aliens in the United States. Id.

1

On November 18, 2019, the Court held a three-day jury trial. CR Dkt. Nos. 181, 182, 183.  Prior to the trial, the Court dismissed one of the conspiracy charges on the Government's motion. CR Dkt. No. 100.  On the first day of trial, the Court also dismissed the transporting or harboring count on the Government's oral motion. CR Dkt. No. 181. Thus, Vento went to trial on the sole remaining count of conspiracy to transport or harbor aliens.  On November 20, 2019, the jury found him guilty of that sole charge. CR Dkt. No. 104.

### 2. Presentence Report

In the final presentence report ("PSR"), Vento was assessed a base offense level of 12. CR Dkt. No. 138, p. 10.  He was assessed an additional six-level enhancement for smuggling more than 25 aliens, but less than 99. Id.  Vento was assessed a two-level enhancement because he had a prior immigration-related felony conviction for smuggling aliens and a four level enhancement for smuggling minors. Id.  He was also assessed a two-level enhancement for serving as a manager or leader of the conspiracy. Id.  Thus, Vento had a total offense level of 26. Id., p. 11.

Regarding his criminal history, Vento had 36 adult criminal convictions and was assessed 13 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 138, pp. 11-24.  An offense level of 26 and criminal history category of VI, produced a sentencing guideline imprisonment range of 120 to 150 months.

However, the conspiracy to harbor aliens charge carried a maximum term of 120 months of imprisonment; thus, his guideline sentencing range became 120 months. CR Dkt. No. 138, p. 28.

Via counsel, Vento filed objections to the PSR. CR Dkt. No. 136.  As relevant here, Vento contested the underlying evidence behind the PSR's calculation that he was responsible for transporting between 25 and 99 undocumented aliens, arguing that the underlying evidence was unreliable. Id.  He also contested the two-level enhancement for being a manager or leader of the conspiracy. Id.

### 3. Sentencing

On April 26, 2021, the Court held the sentencing hearing. CR Dkt. No. 185.  The Court  overruled Vento's objection as to the enhancement for transporting between 25 and 99 aliens, finding that the evidence was sufficient to support it. Id., p. 15.  The Court also overruled the objection about being a manager or leader of the conspiracy. Id., p. 23.  Thus, his guideline sentencing range remained unchanged.  Vento sought a downward departure to a sentence of between 70 and 80 months. Id., p. 28.

The Court sentenced Vento to 120 months imprisonment, and three years of supervised release. CR Dkt. No. 174.  Judgment was entered on May 7, 2021. Id.

### 4. Direct Appeal

Vento timely filed a notice of appeal. CR Dkt. No. 160.

Vento raised four issues on direct appeal: (1) the evidence was insufficient to support the jury's verdict; (2) the Court erred in allowing the Government to admit multiple out of court testimonial statements from witnesses; (3) there was insufficient evidence to support the enhancement for transporting between 25 and 99 aliens; and (4) the sentence was substantively unreasonable. CR Dkt. No. 205.

On June 14, 2022, the Fifth Circuit affirmed Vento's conviction and sentence. CR Dkt. No. 205.  The appellate court found that the evidence was sufficient to support the jury's verdict.  As to the admission of the out of court statements, the Fifth Circuit noted that counsel did not object at trial and reviewed this issue under the plain error standard. Id.  It found that even if the admission of the out of court statements was legally erroneous, "Vento has failed to show that the error affected his substantial rights in light of the ample evidence of his participation in the smuggling conspiracy and the harboring of the child." Id., p. 3.  As to the sentencing enhancement, the Fifth Circuit found that there was sufficient evidence to show that Vento transported at least 29 aliens. Id.  The Fifth Circuit also found that the sentence was not substantively unreasonable. Id.

Vento did not file a petition for writ of certiorari with the Supreme Court. Vento had 90 days in which to file that petition; that deadline expired on September 13, 2022.

SUP. CT. R. 13.1. Thus, Vento's conviction became final on that date. <u>Clay v. U.S.</u>, 537 U.S. 522 (2003).

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 22, 2023, Vento timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  Vento did not submit the motion under penalty of perjury. <u>Id.</u>, p. 14.

Vento argues that (1) trial counsel was ineffective for failing to object to the out-of-court statements admitted in violation of his Confrontation Clause rights; (2) the Court erred in applying the six-level enhancement for transporting between 25 and 99 aliens; and (3) there was insufficient evidence to support the jury's verdict. Dkt. No. 1.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II.  Applicable Law

### A. Section 2255

Vento seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. <u>U.S. v. Willis</u>, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. <u>Id</u>.

"In a <u>habeas</u> action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional

circumstances resulted in a fundamental miscarriage of justice." <u>Lawrence v. McCarthy</u>, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>U.S. v. Grammas</u>, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. <u>Grammas</u>, 376 F.3d at 436.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." <u>U.S. v. Juarez</u>, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." <u>U.S. v. Molina-Uribe</u>, 429 F.3d 514, 518 (5th Cir. 2005).

The petitioner "has the burden to prove ineffectiveness by a preponderance of the evidence." <u>Montoya v. Johnson</u>, 226 F.3d 399, 408 (5th Cir. 2000).

### C. Law of the Case

"[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." <u>U.S. v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986) (citing <u>U.S. v. Jones</u>, 614 F.2d 80, 82 (5th Cir. 1980)); <u>U.S. v. Rocha</u>, 109 F.3d 225, 229 (5th Cir. 1997). Any decision made by the Fifth Circuit on direct appeal constitutes the "law of the case" for purposes of the § 2255 action. <u>U.S. v. Goudeau</u>, 512 Fed. App'x. 390, 393 (5th Cir. 2013) (unpubl.) (<u>U.S. v. Troutman</u>, 16 F.3d 1215 (5th Cir. 1994)).

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be re-examined either by the district court on remand or by the appellate court on a subsequent appeal." <u>U.S. v. Matthews</u>, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks omitted). The limitation imposed by the law of the case doctrine is not jurisdictional, but discretionary. <u>Id</u>. "The law of the case doctrine generally instructs that a prior decision of [the appellate] court will be followed without re-examination ... unless (i) the evidence at a subsequent trial is substantially different; (ii) controlling authority has

since made a contrary decision of the law applicable to such issues; or (iii) the decision was clearly erroneous and would work a manifest injustice." U.S. v. Bonilla–Mungia, 200 Fed. App'x. 376 (5th Cir. 2006) (unpubl.) (quoting U.S. v. Becerra, 155 F.3d 740, 752–53 (5th Cir. 1998)).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Vento's claim, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – supports Vento's claim.

### A. Penalty of Perjury

Vento did not file his petition under penalty of perjury.  His petition can be denied on this basis.

Vento's allegations are unsworn.  A petitioner's "unsworn allegations do not bear sufficient indicia of reliability to be considered by the court." U.S. v. Gonzalez, 493 F. App'x 541, 544 (5th Cir. 2012) (citing U.S. v. Lghodaro, 967 F.2d 1028, 1030 (5th Cir. 1992)).  As such, Vento has not raised any issues to be considered by the Court.  However, even if the petition were to be considered to have been filed under penalty of perjury, he would fare no better, for the reasons set out below.

### B. Ineffective Assistance of Counsel

Vento alleges that counsel was ineffective for failing to object to the out of court statements.  This claim is meritless.

On direct appeal, the Fifth Circuit found that any error in admitting the statements did not impact Vento's substantial rights, because of the strength of the Government's remaining evidence. CR Dkt. No. 205.

This decision on "direct appeal constitutes law of the case for purposes of [the] § 2255 action." Goudeau, 512 F. App'x at 393.  Thus, this Court is bound by the Fifth Circuit's decision that the introduction of this evidence did not affect Vento's substantial rights. U.S. v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

This finding is fatal to Vento's ineffective assistance claim.  The prejudice standard required to find that counsel was constitutionally ineffective "is significantly more rigorous than even the plain error standard we applied on direct appeal." U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996).  Thus, if Vento cannot meet the plain error standard for prejudice, he cannot clear the more rigorous standard for prejudice for ineffective assistance of counsel. Id.  This claim should be denied.

### C. Law of the Case

Vento has asserted that (1) the Government's evidence was insufficient to support the conviction; (2) the Court erred in applying the six-level enhancement for smuggling between 25 and 99 aliens; and (3) his sentence was substantively unreasonable.  Each of these claims is barred from collateral attack.

Each of these claims was raised and rejected on direct appeal. CR Dkt. No. 205. The Court cannot consider these claims, as the Fifth Circuit's decision constitutes the law of the case. Goudeau, 512 Fed. App'x. at 393.

Vento has not shown that the underlying case law has been overturned or that the Fifth Circuit's decision was clearly erroneous. Bonilla–Mungia, 200 Fed. App'x. at 376. Thus, this Court is bound by the Fifth Circuit's decision and must apply it. Id.  These claims should be denied.

## IV.  Recommendation

It is recommended that Petitioner Rodolfo Vento's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Vento's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Vento's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs.,</u> <u>L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

       DONE at Brownsville, Texas on May 26, 2023.

_____

Ronald G. Morgan
United States Magistrate Judge